United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRY B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 25-cv-10701-NW

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Re: ECF Nos. 10, 11

Plaintiff Terry B. ("Plaintiff")[1] seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Title II Social Security Disability Insurance benefits. ECF No. 1.[2] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by rejecting Plaintiff's testimony, improperly addressing the medical opinion advice, and "failing to resolve inconsistencies between the Dictionary of Occupational Titles and the vocational expert testimony." ECF No. 10 at 6. Plaintiff moved for summary judgment, ECF No. 10, and the Commissioner opposed the motion and filed a cross-motion for summary judgment, ECF No. 11. Plaintiff filed a reply. ECF No. 12.

Pursuant to Civil Local Rule 16-5, the matter was submitted for decision without oral argument. The Court finds that the ALJ did not err in evaluating Plaintiff's testimony and the medical advice, and finds that substantial evidence supported the ALJ's determination. The Court

[1] Plaintiff's name is partially redacted pursuant to Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Record citations are to material in the Electronic Case File ("ECF"); unless otherwise noted, pinpoint citations are to the ECF-generated page numbers at the top of documents.

GRANTS Defendant's cross-motion and DENIES Plaintiff's motion.

## I. BACKGROUND[3]

On July 20, 2022, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, alleging disability beginning June 13, 2022. Administrative Record ("AR") 222–26. On May 15, 2023, after his claims were denied at both the initial determination and on reconsideration, Plaintiff requested a hearing in front of an ALJ. AR 92–95, 98–102, 105.

ALJ Vincent Misenti held a telephonic hearing on September 10, 2024, and issued an order on October 17, 2024, that was unfavorable to Plaintiff. AR 14–54. The ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 13, 2022, and had the following severe impairments: "degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; degenerative joint disease of the left hip, status-post a left hip replacement; and degenerative joint disease of the right shoulder, status-post an arthroscopic procedure." AR 19. The ALJ determined that Plaintiff retains the following residual function capacity ("RFC"):

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) where he can lift and/or carry up to twenty pounds occasionally and ten pounds frequently. He can sit, stand, or walk for six hours each in an eight-hour workday. He can push and/or pull as much as he can lift and/or carry. He can occasionally operate foot controls with his left foot. He can occasionally operate hand controls with his right hand. He can occasionally reach overhead with his right upper extremity. He can occasionally climb ladders, ropes, or scaffolds. He can occasionally stoop and crawl. He can never work at unprotected heights.

AR 20.

A vocational expert ("VE") testified that an individual with such an RFC could perform other jobs existing in the economy, including mail clerk, marker, and routing clerk. AR 24, 51–52. Relying on the VE's testimony, the ALJ concluded that Plaintiff is not disabled. AR 25.

After the Appeals Council denied Plaintiff's request for review (AR 1), Plaintiff sought review in this Court pursuant to 42 U.S.C. § 405(g).

[3] The background information is drawn from the Administrative Record, lodged at ECF No. 9.

United States District Court
Northern District of California

## II. LEGAL STANDARD

Under the Social Security Act, a claimant is considered "disabled" if they meet two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *see also* 42 U.S.C. § 1382c(a)(3)(A)-(C) (the analysis is substantially similar under Title II and Title XVI). First, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). Second, the impairment or impairments must be sufficiently severe that the claimant is unable to perform their previous work and cannot, based on their age, education, and work experience "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity"; (2) whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's "residual function capacity," the claimant can still do his "past relevant work"'; and (5) whether the claimant "can make an adjustment to other work." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

An ALJ's "decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.* Simply put, "[i]n Social Security cases, federal courts 'are not triers of fact'," *M. L. v. Kijakazi*, 2023 WL 1927735, at *3 (N.D. Cal. Feb. 10, 2023) (citations omitted), and if the record "can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the

Commissioner." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and citation omitted). "Finally, [a district court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. District courts have the power to enter a judgment, "upon the pleadings and transcript of the record," with or without remanding the complaint for a rehearing. 42 U.S.C. § 405(g).

## III. DISCUSSION

Plaintiff seeks reversal and remand of the ALJ's decision on three grounds: (1) the ALJ failed to provide clear, convincing, and well-supported reasons for discounting Plaintiff's symptom testimony; (2) the ALJ erred in his assessment of the medical opinion from consultative examiner, Christine Rongey, M.D.; and (3) the ALJ erred in failing to resolve inconsistencies between the Dictionary of Occupational Titles ("DOT") and the VE testimony. ECF No. 10 at 6.

### A. Whether the ALJ Improperly Discounted Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ "failed to specifically articulate how Plaintiff's very basic activities were inconsistent with his testimony or how those activities showed he was capable of full-time work activity for 8 hours a day or 40 hours a week." ECF No. 10 at 13.

In general, credibility determinations are the province of the ALJ. "It is the ALJ's role to resolve evidentiary conflicts. If there is more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld." *Allen v. Sec'y of Health & Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984) (citations omitted). An ALJ is not "required to believe every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 2018) (citing 42 U.S.C. § 423(d)(5)(A)) (*superseded on other grounds by* 20 C.F.R. § 404.1502(a)).

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th. Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted). "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his]

symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (internal quotation marks and citation omitted). If the ALJ's assessment "is supported by substantial evidence in the record, [district courts] may not engage in second-guessing." *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If an ALJ discredits a claimant's subjective symptom testimony, the ALJ must articulate "specific, cogent reasons" for their credibility determination. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). In evaluating a claimant's credibility, the ALJ "must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Greger*, 464 F.3d at 972 (quotations omitted); *see also Thomas*, 278 F.3d at 958 (ALJ must articulate reasons that are "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony"). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Here, applying the two-step analysis, the ALJ first determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 21. Next, given that Plaintiff satisfied the first part of the test, and the ALJ found no evidence of malingering, the ALJ was required to provide "specific, clear, and convincing reasons for" discrediting Plaintiff's testimony regarding the severity of his symptoms. *Lingenfelter*, 504 F.3d at 1036. The ALJ reasoned that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 21.

The ALJ identified several examples of where Plaintiff's testimony did not align with the evidence. First, the ALJ noted that while Plaintiff has a history of a supraspinatus tear in the right shoulder, degenerative joint disease of both hips, and degenerative disc disease of the cervical spine and lumbar spine, the record does not indicate that Plaintiff's "impairment causes

greater limitations than found herein." AR 21–22. Upon examination of Plaintiff's right shoulder, examiners noted a "decreased range of motion and tenderness upon palpitation." AR 21. But Plaintiff "displayed intact sensation throughout his right shoulder without any crepitus upon movement," and "displayed a normal range of motion throughout his right shoulder." *Id.* Second, the ALJ found that despite Plaintiff's pain with hip flexion, Plaintiff "retains intact range of motion throughout his left hip" and "retains at least 4-5 strength throughout both hips." AR 22. Third, regarding concerns with his cervical and lumbar spine, Plaintiff indicated that "he occasionally uses a cane to ambulate" and "that the pain affects his ability to stand for prolonged periods of time." *Id.* But examiners noted that Plaintiff "gets into and out of a chair without difficulty," "does not appear in any acute or apparent distress," and Plaintiff "reported improvement following conservative treatment." *Id.* Based on these findings, the ALJ determined that Plaintiff's testimony was "not entirely consistent" with the medical evaluations.

The Court finds that the ALJ's determination and examples were sufficiently "specific, clear, and convincing" as reasons to discredit Plaintiff's testimony. *Lingenfelter*, 504 F.3d at 1036. Because the ALJ's assessment is "supported by substantial evidence in the record," the Court may not "engage in second-guessing" his credibility determinations. *Thomas*, 278 F.3d at 958.

**B. Whether the ALJ Reasonably Evaluated the Persuasiveness of the Medical Opinions**

Plaintiff argues that the ALJ failed to evaluate the persuasiveness of Dr. Rongey's opinion based on supportability and consistency. ECF No. 10 at 16.

An ALJ must explain how they considered the "supportability and consistency" of medical evidence in their determination of the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)). An ALJ

United States District Court
Northern District of California

may, but need not, consider other factors such as "the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records." *Id.* (citing 20 C.F.R. § 404.1520c(c)(3)(i)-(v)).

Here, the ALJ found Dr. Rongey's opinions about Plaintiff's maximum physical abilities unpersuasive. AR 23. Dr. Rongey opined that Plaintiff "retains the ability to perform light work, except he can only stand and/or walk for two hours in an eight-hour workday."[4] AR 23, 536. Dr. Rongey further opined that Plaintiff "can occasionally bend, stoop, crouch and kneel" and "experiences environmental limitations." *Id.* The ALJ found that Dr. Rongey's opinion was not persuasive because her opinion was "inconsistent with the most recent examination notes, which continue to generally note a normal gait" and "specified that there was no evidence of ataxia." AR 23, 535.

Plaintiff challenges the ALJ's determination that Dr. Rongey's opinions were unpersuasive. Plaintiff argues that, in making these findings, the ALJ "ignore[ed] the majority of Dr. Rongey's objective findings which did in fact support her opined limitations." ECF No. 10 at 14. Plaintiff further alleges that the ALJ failed to consider Dr. Rongey's opinion that "Plaintiff could 'not stand on heels and toes and perform tandem gait,' and could 'not crouch down and stand back up because of bilateral knee pain and low back pain and bilateral hip pain.'" *Id.* at 11. Plaintiff also argues that contrary to the ALJ's assertion, "Dr. Rongey's opined limitation that Plaintiff could only stand or walk up to 2 hours in an 8-hour day and sit for 6 hours in an 8-hour day would be work preclusive" and Plaintiff's limitations are consistent with Dr. Rongey's opined limitations. ECF No. 12 at 6–7.

The Court disagrees. Dr. Rongey noted that "Plaintiff could get into and out of a chair without difficulty. He had good muscle tone and strength in all four extremities, and his gait was

[4] Dr. Rogney additionally concluded that Plaintiff could only sit for 6 hours in an 8-hour day. AR 536. Because the VE testified that Plaintiff had no transferrable skills to sedentary work, AR 53, the ALJ and Plaintiff focus their analysis on medical testimony related to Plaintiff's ability to stand and walk during a workday.

within normal limits" despite being unable to stand on heels and toes or perform tandem gait. AR 534–35. The ALJ also noted, referring to Dr. Rongey's examination, that Plaintiff did not require an assistive device to walk across the examination room, despite Plaintiff's reported use of an assistive device. AR 23, 535.

The ALJ satisfied both supportability and consistency factors in determining that Dr. Rongey's opinion was not persuasive. Among other things, the ALJ evaluated and explained that the examination notes written by Dr. Rongey were at odds with the record. Therefore, Dr. Rongey's findings were not "consistent . . . with the evidence from other medical sources." *Woods*, 32 F.4th at 792.

**C. Whether the ALJ Resolved Inconsistencies Between the Dictionary of Occupational Titles and the VE Testimony**

Plaintiff asserts that "the ALJ failed to resolve apparent inconsistences between the VE's testimony and the DOT." ECF No. 10 at 17. Plaintiff argues that "[t]he ALJ's one-sentence statement that the VE's testimony was reliable does not reconcile an apparent conflict where the DOT requires frequent reaching . . . and the VE testified that someone who can only reach occasionally with the right upper extremity could perform these jobs." *Id.* at 15.

The ALJ posed a hypothetical to the VE in which an individual was "capable of performing a light range of work" and had the following additional requirements:

> Left lower extremity pushing and pulling is occasional. Right upper extremity pushing and pulling is occasional. Right over the head reaching is occasional. Climbing ladders and stairs, stooping and crawling are all occasional. No work around unprotected heights.

AR 51. The ALJ then proposed a second hypothetical in which the limitations were the same, but included that the "individual could sit for 25 minutes and then would need a 10 to 15 minute off task break before resuming sitting again" and "lifting would be limited to 10 pounds" with "no lifting above right shoulder, upper[.]" AR 52.

Plaintiff argues that the "it was likely and foreseeable that the identified occupations would require reaching overhead" and the "described duties of [the identified occupations] would require periodic inspection and handling of large volumes of mail of all shapes and sizes." ECF No. 10 at

United States District Court
Northern District of California

18. Plaintiff also argues that the VE's testimony was "based on his [own] 'knowledge, training, and experience' yet failed to provide any further explanation, as to how or why Plaintiff could perform the representative occupations even though they all required frequent reaching." ECF No. 12 at 8.

But the ALJ found that, even taking all these limitations into account, Plaintiff would still be able to perform the requirements of occupations such as Mail Clerk, Routing Clerk, and Marker. AR 24. The ALJ noted that the VE's "testimony [was] consistent with the information in the [DOT], except for overhead reaching." AR 25. The ALJ determined that the VE's testimony was consistent with the DOT because "[t]he DOT does not consider overhead reaching as an independent category" and Plaintiff's other capabilities align with the responsibilities of the VE's recommended occupations. *See id.* Given those findings and that the ALJ took Plaintiff's limitations into account, there is no apparent inconsistency between the VE's testimony and the DOT for the ALJ to resolve. Therefore, the ALJ concluded that "considering the claimant's age, education, work experience, and residual functioning capacity, the claimant can make a successful adjustment to other work that exists in significant numbers in the national economy." *Id.*

The Court finds that the ALJ did not err in resolving inconsistencies between the DOT and the VE's testimony.

## IV. CONCLUSION

The Court finds that the ALJ's determination is supported by substantial evidence. The Court DENIES Plaintiff's motion and GRANTS Defendant's cross-motion for summary judgment.

**IT IS SO ORDERED.**

Dated: August 12, 2026

Noël Wise
United States District Judge